IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>378 N. Main Ave.<br>Tucson, AZ 85702<br><br>*Plaintiff*,<br><br>v.<br><br>NATIONAL OCEANIC AND<br>ATMOSPHERIC ADMINISTRATION,<br>1315 East West Highway<br>Silver Spring, MD 20910<br>Montgomery County<br><br>*Defendant*. | Civil Action No: 8:25-cv-01320<br><br>COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF (Freedom<br>of Information Act, 5 U.S.C. § 552) |

## INTRODUCTION

1. In this action, Plaintiff Center for Biological Diversity ("Center") challenges the failure and refusal of Defendant, the National Oceanic and Atmospheric Administration (NOAA), to provide records to the Center in response to records requests submitted on March 4, 2025, to which there are no applicable exemptions, in violation of the Freedom of Information Act, 5 U.S.C. § 552, as amended (FOIA).

2. In recent months, the Trump administration, through the newly established Department of Government Efficiency (DOGE) and Secretary of Commerce, has implemented sweeping changes at NOAA. These changes include the termination of hundreds of employees, the freezing of critical programs, and significant proposals to restructure NOAA's operations. Such actions have lacked public transparency and largely occurred behind closed doors. The American public relies on NOAA for accurate weather forecasts, climate research, and

emergency information, making it imperative that the agency's records remain open and accessible. The Center relies on NOAA for programs that ensure ocean safety and science, marine species conservation, and sound fisheries management. The failure to promptly release documents related to massive changes in NOAA operations, which are rapidly interfering with the agency's mandate to ensure public safety and wildlife protections, highlights the urgent need for transparency in government actions.

3. The Center's FOIA requests seek records containing information about work plans and job descriptions of the NOAA employees who were recently fired, communications discussing workforce and funding cuts, and the agency reorganization plan that President Trump ordered. The Defendant's delays in providing responsive records may be imperiling wildlife, fisheries management, and ocean safety by frustrating public transparency concerning cuts at NOAA. The Center seeks declaratory relief establishing that Defendant has violated FOIA. The Center also seeks injunctive relief ordering Defendant to provide the Center with all responsive records without further delay.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

5. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1) because NOAA's headquarters and the agency records at issue are situated in this District. Declaratory relief is appropriate under 28 U.S.C. § 2201.

6. Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

**PARTIES**

7. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States that works to protect native wildlife species and their habitats, including protection of marine life and ocean ecosystems.

8. The Center has more than 93,500 members. The Center and its members are harmed by Defendant's violations of FOIA because such violations preclude the Center from gaining a full understanding of the harmful environmental effects of mass firings of NOAA employees, cuts to funding or programs that further environmental conservation, and delays or inaction by NOAA in implementing environmental laws.

9. Defendant's failure to comply with FOIA harms the Center's ability to provide full, accurate, and current information to the public on matters of public interest. The records the Center requested are important to understand and address the environmental impacts of the reduced work capacity of NOAA. For example, the records may document a delayed rulemaking that resulted in bluefin tuna being overfished by up to 25 percent. The records may also explain why NOAA cancelled and delayed take reduction team meetings needed to protect whales from being harmed in commercial fisheries. Records will provide understanding of the environmental harm stemming from firing scientists who consult on endangered species protections, collect data on fish populations, and restore habitat. Absent this information, the Center cannot advance its mission to protect native species and their habitats.

10. The Center's interests in the information and activities are adversely affected by Defendant's failure to disclose the requested records. This injury will be redressed if the Court orders Defendant to disclose the requested records.

11. Defendant NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION is a United States federal agency within the Department of Commerce and is headquartered in this District. NOAA is in possession and control of records responsive to the Center's FOIA requests, and as such, it is subject to FOIA and responsible for fulfilling the Center's FOIA request. *See* 5 U.S.C. § 552(f) (defining "agency").

## STATUTORY BACKGROUND

12. FOIA requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions applies. 5 U.S.C. § 552. FOIA places the burden on the agency to show that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

13. Within 20 working days of receiving a request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons for it, the requester's right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. 5 U.S.C. § 552(a)(6)(A)(i).

14. In "unusual circumstances," an agency may extend the time limit to make a determination by no more than 10 additional working days, but it must provide written notice to the requester "setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i).

15. If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and "shall

make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." 5 U.S.C. § 552(a)(6)(B)(ii).

16. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. 5 U.S.C. § 552(a)(3)(C)–(D). FOIA requires federal agencies to promptly disclose requested records. *Id*. § 552(a)(3)(A), (a)(6)(C)(i). In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id*. § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

17. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id*. § 552(a)(4)(B).

## FACTUAL BACKGROUND

**Request to NOAA (DOC-NOAA-2025-000586)**

18. On March 4, 2025, the Center submitted to NOAA a FOIA request for all records from January 21, 2025, to the date of the search containing the following information:

(a) Job descriptions of employees who were fired;

(b) Job descriptions of employees who accepted a buyout offer;

(c) The reorganization plan due on March 13, 2025, required by Executive Order 14210, 90 Fed. Reg. 9669 (Feb. 11, 2025);

(d) The workplans of the employees who were fired, including the records documenting future milestones or deliverables for their work. Alternatively, if the aforementioned records are not available, records containing the project descriptions or proposals for projects on which the fired employees were working;

(e) Schedules for the projects that the fired people were working on, including, for example, Smartsheet Gantt charts or other schedules;

(f) The contracts or grants that were cancelled or frozen for projects to conserve endangered species or marine mammals;

(g) Communications discussing reassignment, delay, and/or pausing of work due to workforce reductions, funding cuts, or limits on international engagement; and

(h) Decisions not to enforce and/or implement the Endangered Species Act, Marine Mammal Protection Act, Atlantic Coastal Fisheries Cooperative Management Act, and/or Magnuson-Stevens Fishery Conservation and Management Act.

19. The FOIA request was assigned Agency FOIA Tracking Number DOC-NOAA-2025-000586. On March 4, the Center received an automatic acknowledgement of the receipt of its FOIA request.

20. On March 27, 2025, the Center received notice that NOAA was utilizing the 10-business day extension afforded to it by 5 U.S.C. § 552(a)(6)(B)(i).

21. To date, NOAA has not provided the Center with any records in response to its March 4, 2025, FOIA request. NOAA has not provided a determination to the Center describing the scope of the records it intends to produce or withhold, the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time period in 5 U.S.C. § 552(a)(6)(A)(i) or 5 U.S.C. § 552(a)(6)(B).

22. The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i). NOAA has no lawful basis under FOIA for its delay and has provided no lawful basis to withhold or redact the records the Center requested in its March 4, 2025 FOIA request. The Center has been required to expend resources to prosecute this action.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**NOAA Has Failed to Make the Legally Required Determination on the Center's FOIA Request DOC-NOAA-2025-000586**

23. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

24.     The Center properly requested records within the control of NOAA through its March 4, 2025, FOIA request, DOC-NOAA-2025-000586, to the agency. The Center has a statutory right to a lawful final determination from NOAA on the Center's FOIA Request, DOC-NOAA-2025-000586, in a manner that complies with FOIA. NOAA is in violation of FOIA and has violated the Center's rights to records by unlawfully delaying its response beyond the deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

25.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to NOAA in the foreseeable future. The Center's organizational activities will be adversely affected if NOAA is allowed to continue violating FOIA's disclosure provisions. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, NOAA will continue to violate the Center's rights to receive public records under FOIA.

26.     The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**SECOND CLAIM FOR RELIEF**

**NOAA Failed to Conduct an Adequate Search for Records Responsive to the Center's FOIA Request DOC-NOAA-2025-000586**

27.     The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

28.     The Center has a statutory right to have NOAA process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). NOAA is in violation of FOIA and is violating the Center's rights through its unlawful failure to conduct an adequate search reasonably calculated to locate all records responsive to the Center's FOIA request.

29. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to NOAA in the foreseeable future. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, NOAA will continue to violate the Center's rights to receive public records under FOIA.

30. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## THIRD CLAIM FOR RELIEF

### NOAA Failed to Disclose All Records That Are Responsive to the Center's FOIA Request DOC-NOAA-2025-000586

31. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

32. The Center has a statutory right to the records it requested, and NOAA has provided no lawful basis to withhold the records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the records. *See* 5 U.S.C. § 552(b); *id.* § 552(a)(8)(A). NOAA has violated the Center's rights and FOIA by withholding records that are responsive to the Center's FOIA request.

33. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to NOAA in the foreseeable future. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, NOAA will continue to violate the Center's rights to receive public records under FOIA.

34. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare that Defendant violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's FOIA request, submitted on March 4, 2025;

(2) Order Defendant to search for any and all responsive records to Plaintiff's FOIA request submitted on March 4, 2025, using search methods reasonably likely to lead to discovery of all responsive records;

(3) Order Defendant to produce, by a date certain, any and all nonexempt responsive records or segregable portion of the records and a Vaughn index of any responsive records or portion of responsive records withheld under a claim of exemption, at no cost to Plaintiff;

(4) Enjoin Defendant from continuing to withhold any and all nonexempt responsive records or segregable portion of the records;

(5) Retain jurisdiction of this action to ensure the processing of Plaintiff's FOIA request and that no agency records or portion of the records are improperly withheld;

(6) Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

(7) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted this 24th day of April 2025,

/s/ Mark D. Patronella
Mark D. Patronella (Bar No. 31185)
CENTER FOR BIOLOGICAL DIVERSITY
1411 K St. NW, Suite 1300
Washington, D.C. 20005
Telephone: (202) 961-4820

C. Miyoko Sakashita*
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Suite 375
Oakland, CA 94612
Phone: (510) 844-7100
Fax: (510) 844-7150

\* *Pro hac vice* application forthcoming

*Attorneys for Plaintiff Center for Biological Diversity*