# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CENTER FOR BIOLOGICAL
DIVERSITY,

      Plaintiff,

   v.

NATIONAL OCEANIC AND
ATMOSPHERIC ADMINISTRATION,

      Defendant.

Case No. 8:25-cv-01320-PX

### *STATUS REPORT AFTER RESTORATION OF APPROPRIATIONS*

Defendant, by and through undersigned counsel, hereby files this following status report regarding this matter in accordance with the order staying this case at ECF 21.[1]  Defendant agrees with the proposal in Plaintiff's recent filing at ECF 22, that a status conference with the Court would be helpful.

1.      Plaintiff filed this action under the Freedom of Information Act (FOIA) seeking to compel Defendant to produce responses to a very large FOIA request submitted on March 4, 2025,

---

[1]     Counsel for the government has asked Plaintiff to consent to a stay until 30 days after the government reopened, but Plaintiff would agree to only 7 days. The 30-day request was made based on counsel's experience with similar shutdowns, and concern regarding the agency's ability to provide any accurate information within 7 days of reopening. However, counsel filed the motion indicating that a status report would be filed within 7 days, with the assumption that any shutdown would likely be brief. Unfortunately, the shutdown lasted for 43 days. Government operations resumed on November 13, 2025. It was extremely difficult for federal agencies to resume operations quickly. It was therefore not possible to secure accurate information within 7 days regarding future FOIA productions in this case. Counsel have corresponded, and undersigned counsel was hopeful that additional information might be forthcoming and therefore delayed filing this report.  However, it is clear today that additional information is not likely to be forthcoming in the next few days, so this report is being filed, even though a clear plan for how the case will be conducted moving forward is not included. Counsel agrees with Plaintiff's counsel that a status conference with the Court would be helpful at this stage.

which had been pending for more than 30 days: FOIA Tracking Number DOC-NOAA-2025-000586. ECF 1 at ¶¶ 1, 18.

2.      The Complaint alleges that Plaintiff, the Center For Biological Diversity (CBD) and its members are "harmed by NOAA's violations of FOIA because such violations preclude the Center from gaining a full understanding of the harmful environmental effects of mass firings of NOAA employees, cuts to funding or programs that further environmental conservation, and delays or inaction by NOAA in implementing environmental laws." ECF 1 at ¶8.

3.      Plaintiff's FOIA request asked for a huge quantity of records from January 25, 2025, to the present regarding:

(a)    Job descriptions of all employees who were fired;

(b)    Job descriptions of all employees who accepted a buyout offer;

(c)    The reorganization plan due on March 13, 2025, required by Executive Order 14210, 90 Fed. Reg. 9669 (Feb. 11, 2025);

(d)    The workplans of the employees who were fired, including the records documenting future milestones or deliverables for their work. Alternatively, if the aforementioned records are not available, records containing the project descriptions or proposals for projects on which the fired employees were working;

(e)    Schedules for the projects that the fired people were working on, including, for example, Smartsheet Gantt charts or other schedules;

(f)    The contracts or grants that were cancelled or frozen for projects to conserve endangered species or marine mammals;

(g)    Communications discussing reassignment, delay, and/or pausing of work due to workforce reductions, funding cuts, or limits on international engagement; and

(h)    Decisions not to enforce and/or implement the Endangered Species Act, Marine Mammal Protection Act, Atlantic Coastal Fisheries Cooperative Management Act, and/or Magnuson-Stevens Fishery Conservation and Management Act.

(ECF 1 at ¶18).

4.      The Agency acknowledged receipt of the request, and notified Plaintiff that it was invoking 5 U.S.C. § 552(a)(6)(B), which provides that an Agency may need more time to respond

where the request cannot be processed within the time limit based on "unusual circumstances" which may include the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or the need for consultation with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein.

5.      Since the filing of the lawsuit, undersigned counsel has been in regular communication with opposing counsel, to keep them informed of the progress on the response and determine whether the parties could reach agreement on a production schedule in order to avoid the need for prolonged litigation.

6.      Prior to the lapse in appropriations, the Defendant had answered the Complaint and produced some responsive documents. Given the size and volume of the request, Defendant informed Plaintiff that a rolling production over several months would be required in order to respond to Plaintiff's FOIA request.

7.      After the lapse in government appropriations occurred, counsel for Defendant contacted opposing counsel about a proposed motion to stay all proceedings until 30 days after the appropriations were restored, and operations at the Department of Justice and the Defendant agency resumed.  Counsel for Plaintiff indicated they would consent only to a stay until 7 days after a resumption of operations.

8.      Government operations resumed on November 13, 2025. Counsel for Defendant attempted to confer with the Agency several times since that date regarding a production schedule for all remaining responsive records.  However, counsel and FOIA staff at the Agency have had a

difficult time securing information from all agency components with potentially responsive information given the 43 days shutdown and furlough of all relevant staff and the breadth of Plaintiff's request.

9.      The Agency did indicate that an additional production would be made in the next 14 days, and that information was shared with counsel for Plaintiff.

10.      However, the Agency has not been able to provide a firm schedule for future productions of additional responsive documents.

11.      Counsel conferred with opposing counsel several times since November 13, 2025, and was unable to provide more detailed information about how this case might proceed since that information has not yet been provided by the Agency.

WHEREFORE, Defendant hereby submits the foregoing status report and agrees that a status conference with the Court would be appropriate.


December 12, 2025                    Respectfully submitted,

                                    KELLY O. HAYES
                                    United States Attorney

                                     /s/ Ariana Wright Arnold
                                    Ariana Wright Arnold #23000
                                    Assistant United States Attorney
                                    U.S. Attorney's Office, District of Md
                                    36 S. Charles Street, 4th Floor
                                    Baltimore, Maryland 21201
                                    Ph 410-209-4813
                                    Ariana.Arnold@usdoj.gov

                                    for Federal Defendant

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on this 12th day of December 2025, the foregoing status report was efiled using the Court's CM/ECF system and thereby served counsel of record in this matter.

_____/s/_____
Ariana Wright Arnold
Assistant United States Attorney